**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1364-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANNA STEC,

    Defendant-Appellant.

_____

Submitted November 20, 2025 – Decided February 3, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. MA-18-2024.

Law Offices of Antonio J. Toto, LLC, attorney for appellant (Antonio J. Toto, of counsel and on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo on the record, defendant Anna Stec appeals from the December 13, 2024 Law Division order finding her guilty of twenty-three violations of a Woodbridge Township ordinance.  We affirm.

I.

The relevant portion of Woodbridge Township Ordinance § 150-78(A)(21) (the Ordinance) states:

> No parking shall be permitted in the front yard in any residential zone, except that parking may be permitted in the front yard if parked on a driveway; parking shall be prohibited on any other portion of the property unless specifically approved for parking by the Zoning Board of Adjustment or Planning Board.

Defendant was issued twenty-three summonses for violating the Ordinance by allowing illegal parking in her front yard on various dates between February and November 2023.  The summonses were not provided in the record on appeal.

At the July 10, 2024 municipal trial, the State offered testimony of Woodbridge Township's Housing Bureau chief.  He presented photographs[1] corresponding to the date of each summons, which depicted vehicles parked either partially or completely off defendant's paved driveway.  Defendant

---

[1] The photographs were not provided in the record on appeal.

contended the area around the paved driveway was also part of the driveway and argued she was not responsible for the violation because the State could not prove she parked the vehicles in those locations.

The municipal judge took "judicial notice of the fact that there is clearly a parking area defined from the curb cut on the street, running towards the back of [defendant's] property." The judge reviewed the photos and determined the vehicles were all parked either partially or fully off the paved driveway. He found defendant guilty of each summons and imposed a $207 fine and $33 in court costs for each offense, totaling $5,520.

On December 13, 2024, the Law Division judge conducted a trial de novo, wherein the parties largely repeated the arguments advanced during the municipal trial. Concurring with the municipal judge's finding, the Law Division judge found the chief's testimony credible. In a written amplification, the judge explained his reasons for finding the driveway was limited to the paved area as follows:

> I find . . . [defendant]'s driveway is the area encompassed by the macadam. For starters, the patch to the left of the macadam would extend into the property's setback—something the municipal court noted.[]
>
> Beyond this, the presence of the macadam logically defines the location of the driveway. This

isn't a case where property or parking is accessed solely through an unpaved surface. In fact, there's a curb cut in front of the macadam but not the patch of dirt, grass, weeds, and gravel. This also undercuts [defendant]'s argument. What's more, other than the macadam, the entire front yard is unpaved. If I were to accept [defendant]'s argument, she could call her entire front yard a driveway. That's not logical.

It comes down to this: Logic and commonsense do not support the notion that the patch of dirt, grass, weeds, and gravel to the left of the macadam driveway is part of the driveway. Factually, I reject that argument.

The judge also rejected defendant's liability argument because the Ordinance "contemplates liability of the [property] owner," not the operator of the vehicle, and therefore defendant was responsible for the violations.

In his oral findings, the judge expressed concern because the town documented the violations over the course of ten months but issued all the summonses to defendant "on one date at the end." Finding the fines imposed by the municipal court "a bit overblown," he reduced them to $50 for each violation plus $33 in court costs, for a total of $1,909.

II.

On appeal from a municipal court to the Law Division, the review of a conviction is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent "findings of fact and conclusions of law but defers to

4

the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017).

We do not, however, independently assess the evidence. See State v. Locurto, 157 N.J. 463, 471 (1999). "Our standard of review of a de novo verdict after a municipal court trial is to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). "[A]ppellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

"[T]he rule of deference is more compelling where," as here, the municipal and Law Division judges made concurrent findings. Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid.

On appeal, defendant reprises the arguments she raised before the Law Division: 1) she cannot be convicted of violating the Ordinance because the State failed to prove she was the owner of the illegally parked vehicles; and 2)

as the Ordinance does not define "driveway," the State cannot prove she violated it merely because the vehicles were parked on something other than a paved surface.

We are satisfied the Law Division judge correctly read the ordinance as imposing liability on the owner of the property, not the operator of the improperly parked vehicle. He also made detailed findings of fact to support his conclusion the driveway encompassed only the paved portion of defendant's property, not the surrounding yard area. Having reviewed the record in light of our standard of review, we discern no basis on which to disturb the judge's decision.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hawley*

Clerk of the Appellate Division

6